UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

No. 01-7804

TERRENCE RENARD RUSSELL,
　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Henry C. Morgan, Jr., District Judge.
(CR-97-382, CA-00-1343-AM)

Submitted: April 1, 2002

Decided: May 20, 2002

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

## COUNSEL

Terrence Renard Russell, Appellant Pro Se. James L. Trump, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Terrence Renard Russell seeks to appeal from the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001). In the district court, Russell asserted a number of claims of ineffective assistance of counsel. The district court addressed each of these and denied relief. We dismiss in part, vacate in part, and remand for further proceedings.

As to several of the claims, the district court found that, assuming that counsel's performance was deficient, based on Russell's offense level, the sentence would be the same; therefore he could not show prejudice as required to prove ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). In addressing Russell's claim that the errors, viewed together, resulted in prejudice, the district court held that cumulative errors are not recognized in the Fourth Circuit. The court cited *Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1988), for this proposition. In *Fisher*, we held that it is not appropriate to consider the cumulative effect of attorney error when the individual claims of ineffective assistance do not violate the defendant's constitutional rights. *Id.* at 852-53.

The individual claims in *Fisher* were reviewed on the merits and determined not to amount to error. Thus, cumulatively, we held they could not amount to error. *Id.*; *see Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) (stating that cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors). However, in this case, the district court did not review the individual claims of error on the merits. Rather, the court held that, even if there were error, there was no prejudice to Russell. We find that *Fisher* is not controlling here.

The district court dismissed—for lack of prejudice in light of Russell's offense level of 45—Russell's claims that counsel was ineffec-

tive in: (1) not opposing the two-level sentencing enhancement from a level 43 to a level 45 for restraint of a victim; (2) failing to seek an adjustment for role in the offense based on Russell's lack of intent to kill; (3) failing to request a two-point reduction in Russell's criminal history score, which could have resulted in a one-level reduction in criminal history category; (4) failing to object to the sentencing court's comments during Russell's allocution regarding his professed Christian faith; and (5) failing to object to the court curtailing Russell's allocution.

Assuming—as the district court did in addressing each of these claims—that counsel's performance was deficient in each of these instances, cumulatively, Russell could show prejudice. At offense level 43 or above, the Guidelines require a mandatory life sentence. USSG Ch. 5, Pt. A. (Sentencing Table). Russell's offense level was 45 for each of the three counts. A two-level reduction in Russell's offense level would have no effect on Russell's sentence. However, if the court were to find that there was a reasonable probability that the two-level restraint-of-victim enhancement would have been successfully opposed *and* that a motion for a two-level reduction for role in the offense would have been successful, Russell's offense level would have been 41, resulting in a sentencing range of 360 months to life. *See* USSG Ch. 5, Pt. A. (Sentencing Table). In determining a sentence within this range, Russell's criminal history—while not technically relevant because at level 41, the range is the same for criminal history category III and IV—may have influenced where, within that range the district court imposed sentence. Likewise, because at level 41 there is a sentencing range, whether counsel was ineffective for failing to challenge the sentencing court's comment during, and curtailment of, Russell's allocution cannot be dismissed based on the fact that the court had no discretion in sentencing. Accordingly, because the district court did not address whether there was error as to the above enumerated claims, we find that the district court erred in applying the cumulative error analysis. *See Fisher*, 163 F.3d at 852-53. We therefore issue a certificate of appealability and vacate the district court's order as to these issues and remand for further proceedings.

As to Russell's remaining claims of ineffective assistance of counsel, we have reviewed the record and the district court's opinion and

find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal as to these issues on the reasoning of the district court. *See United States v. Russell*, Nos. CR-97-382, CA-00-1343-AM (E.D. Va. filed Dec. 15, 2002 & entered Dec. 20, 2000; filed Aug. 23, 2001 & entered Aug. 27, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, VACATED IN PART, AND REMANDED*